JgFOGG, J.
By this appeal, an attorney challenges a trial court’s judgment ordering him to return a legal fee paid by his client from a judgment later overturned by devolutive appeal. For the reasons below, we reverse.
The facts as to the original suit in this case were set forth in City Financial Corporation v. Willie P. Mitchell, 96-2817, p. 2 (La.App. 1 Cir. 2/20/98), 710 So.2d 376 (unpublished opinion), as follows:
On June 6, 1993, Willie P. Mitchell[2] (defendant) purchased a 1987 Chrysler Voyager from a used-car dealer, Cars by Roy, Inc. (Cars). Defendant signed a promissory note on June 4, 1993, with City Financial Corporation (plaintiff) to finance this transaction. The promissory note financed $6,301.98 at an interest rate of 33.002% over a period of 24 months. On November 4, 1994, plaintiff filed a suit oh the'promissory note contending defendant was indebted for the sum of $3,165.28, interest at the rate of 33.002%, attorney fees, and costs for the proceedings in Baton Rouge City Court. On November 17, 1994, defendant answered and reconvened for rescission of the sale of the vehicle, damages associated with alleged redhibitory defects in the vehicle, and car-rental expenses. On June 24, 1996, trial was held. The trial court found [plaintiff] was the alter ego of the used-car dealership and pierced the corporate veil. It rescinded the sale of the vehicle and awarded defendant $7,000.00 in damages[3] and reasonable attorney fees at a rate of 25%.[4] The court denied plaintiffs claim on the promissory note, and it ordered the return of the vehicle to plaintiff and/or Cars....
13 Judgment was signed on August 8, 1996, and plaintiff took a devolutive appeal.
A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees....
*169 Meanwhile, plaintiff paid Mitchell the sum of $9,399.28 in satisfaction of the trial court judgment. Plaintiff issued a check naming Mitchell and her attorney, Terry L. Bonnie, as co-payees. Both Mitchell and Bonnie endorsed the check, and Bonnie retained $2,349.82 (25% of the $9,399.28 payment) as his legal fee.[5] This court then reversed the judgment in favor of Mitchell and rendered judgment in favor of plaintiff on the promissory note. See City Financial Corporation v. Willie P. Mitchell, 96-2817, p. 6, 710 So.2d 376.
Thereafter, plaintiff instituted garnishment proceedings against Mitchell in order to recover the monies paid in satisfaction of the original judgment. However, on June 10, 1998, Mitchell filed for protection from her creditors by initiating an action in the United States Bankruptcy Court for the Middle District of Louisiana. Her debt owed to plaintiff ultimately was discharged.
On July 10, 1998, plaintiff filed the present suit against Bonnie contending that the attorney was indebted to plaintiff for the sum paid to Mitchell and Bonnie in satisfaction of the original judgment. Plaintiff asserted it was entitled to relief under theories of unjust enrichment and payment of a thing not owed. The parties filed cross-motions for summary judgment. Following a hearing, the trial court granted plaintiffs motion for summary judgment ordering Bonnie to return the $2,349.82 legal fee he retained from the original judgment. Bonnie now appeals.
To recover under a theory of unjust enrichment, a plaintiff must show: (1) an enrichment to the defendant; (2) an | ¿¡impoverishment sustained by the plaintiff; (3) a connection between the enrichment and resulting impoverishment; (4) the absence of justification or legal cause for the enrichment and the impoverishment; and (5) the lack of any other remedy at law. Edwards v. Conforto, 636 So.2d 901 (La.1993). The action based on unjust enrichment has been codified in LSA-C.C. art. 2298, which provides as follows:
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term “without cause” is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.
The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered.
Furthermore, LSA-C.C. art. 2299 provides that “[a] person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it.” LSA-C.C. art. 2300 states that “[a] thing is not owed when it is paid or delivered for the discharge of an obligation that does not exist.”
Plaintiffs reliance on theories of unjust enrichment and payment of a thing not owed are misplaced as each requires a determination that the thing was not due at the time of payment. Herein, the judgment debtor’s obligation to pay was due at the time the judgment became executory. The taking of a devolutive appeal does not suspend the execution of a trial court judgment. LSA-C.C.P. art. 2087. Similarly, Mitchell’s obligation to pay Bonnie for legal services rendered also was due at the time Mitchell authorized Bonnie to retain his legal fee from the judgment proceeds.
*170 ^Furthermore, we note that Bonnie was not a party to the original judgment. Mitchell was the only defendant in that action, and judgment was granted solely in her name. Where a party receives payment of funds pursuant to a valid judgment and disposes of a portion of the funds to pay his attorney, the payor may not follow the payment into the hands of the receiver’s attorney once the judgment is reversed by devolutive appeal. See Louisiana Health Service & Indemnity Company v. Cole, 418 So.2d 1357 (La.App. 2 Cir.1982).
Considering the above, the judgment of the trial court is reversed. We hereby grant summary judgment in favor of Bonnie and deny summary judgment in favor of plaintiff. Costs of this appeal are assessed to appellee, City Financial Corporation.
REVERSED AND RENDERED.
FOIL, J., dissents.

. Defendant is also known as Delores P. Mitchell.

. Defendant was awarded $3,000.00 for repair expenses and $4,000.00 for expenses incurred when she had to rent vehicles because the purchased vehicle was broken.

. The trial court awarded these damages and attorney fees under LSA-C.C. art. 2545, which provides, in part:

. Bonnie also retained an additional sum as reimbursement of court costs. However, that issue is not before us on appeal.