| ¡DOWNING, J.
Plaintiff/appellee, Robert Wayne Webb (Wayne),[3] filed this action against his aunt, defendant/appellant, Alberta Courtney Webb (Alberta),[4] asserting he was entitled to ownership of 83.21 acres of land owned by Alberta. His claim was based on an alleged oral agreement that he would take care of her and the property in exchange for receiving the property through Alberta’s will. Alternatively, Wayne claimed reimbursement for all labor performed by him “from 1981 to the present date in addition to reimbursement for all cost [sic] *716 and expenses spent by him, inclusive of the $9,500.00 for the purchase of a certain 5.02 acres .... ” Alberta filed a cross-claim for the eviction of Wayne and his wife from the premises. Prior to trial, the court ordered Wayne and his wife to vacate the controverted property, with the exception of the 5.02 acre tract for which it stated that the rule to evict was “overruled at this time and until the ownership dispute involving said property can be determined.”
Alberta filed a peremptory exception raising the objection of no cause of action alleging that a promise of a legacy was not enforceable while she was alive. The trial court overruled the exception because “a promise to make a disposition mortis causa is enforceable against the promisor’s estate when the formal disposition is not made.” See LSA-C.C. art.1967, comment (f). This cause of action was premature when filed because an action for reimbursement for services rendered when there is a breach of the promise to pay for services (labor) by a disposition mortis causa of property is enforceable against the promisor’s estate. Wayne’s petition stated a cause of action, however, the cause of action was premature when filed because Alberta was still alive; she did not die until after the |3final judgment in the trial court. The dilatory exception raising the objection of prematurity was waived when it was not pleaded prior to, or in, the answer. LSA-C.C.P. art. 928A.
Following trial, the court awarded the following: a lifetime usufruct of the 5.02 acres in favor of Wayne; $85,500.00 to be paid to Wayne for services he provided Alberta from 1981 through 1999; $9,500.00 payment of money to Wayne for the purchase of 5.02 acres in Alberta’s name; and the right to maintain the notice of lis pendens filed by Wayne against the land owned by Alberta, which notice would remain in effect until the money judgment was paid. The court ordered that the monetary judgment was not executory until the death of Alberta.
On appeal, Alberta assigns as error:
(1) The court’s award of a lifetime usu-fruct of the 5.02 acres and the court’s failure to evict Wayne and his wife from that tract;
(2) The court’s failure to order cancellation of the lis pendens notice;
(3) The court’s award of $85,500.00 compensation for services/labor performed from 1981 to 1999;
(4) The court’s failure to grant defendant’s peremptory exception raising the objection of liberative prescription for any claim; and
(5) The court’s award of $9,500.00 in compensation for the purchase price of the 5.02 acres, and its failure to require Wayne to account for the receipt of a $1,000.00 payment purportedly made to Alberta for a right-of-way.
OWNERSHIP OF THE PROPERTY
In his reasons for judgment, the trial judge stated “Robert Webb did not present adequate evidence to show an ownership right in the disputed property.” Pursuant to this factual finding, judgment was rendered as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the Plaintiff, Robert Wayne Webb, does not have any ownership interest in the property at issue.
1¿Wayne did not appeal or answer the appeal. This judgment is res judicata. LSA-R.S. 13:4231.
The ownership of the property is not at issue in this appeal. Prior to her death, Alberta was the owner of the property.
*717 COMPENSATION
The court found factually that Wayne had “performed work for defendant on the property disputed over the last twenty years.” The court then awarded as compensation $85,500.00 and a lifetime usu-fruct on the 5.02 acre tract. The court did not cite any legal basis for this ruling.
The Usufruct
In his reasons for judgment, the trial judge stated Wayne “was entitled to compensation for work performed for” Alberta and “[a]s compensation this court awards to plaintiff [Wayne] the lifetime usufruct of the 5.02 acre tract.” Judgment was rendered accordingly.
A usufruct is a real right that may be established by a juridical act, either inter vivos or mortis causa, or by operation of the law. LSA-C.C. art. 544. Wayne did not allege or prove the creation of a usu-fruct by a juridical act. There is no legal basis for a court to create a usufruct as, or for, compensation. The establishment, ex proprio motu, of a usufruct in favor of Wayne was legal error. The portion of the judgment granting the usufruct is reversed.
Because Wayne and his wife, Charlotte Durbin Webb, have no legal basis for the occupancy of the 5.02 acres, the trial court should have ordered their eviction.
This assignment of error has merit.
The Monetary Compensation
The nature of the relationship between Wayne and Alberta determines whether or not he has a legal basis to claim compensation. If Wayne has a legal | Sbasis to claim compensation, then the evidence must be reviewed to see if he proved his entitlement to compensation.
In his oral reason for judgment, the trial judge stated the following:
So, no matter what it says, I don’t find that, the fact that a Will was done, olo-graphic or statutory, gives Mr. Webb any ownership rights in the property. I do not think that there was a donation. I do not think that there was a contract.
[[Image here]]
I don’t think there’s any doubt that he performed services for twenty years on the property. I don’t think there’s any doubt that he cut the grass, he planted the hay. I’m not a farmer so all the things that he’s testified he did, I have no doubt that he did it. I have no doubt that he loved her. I have no doubt that Mr. Webb cared for Mrs. Alberta, watched over her, and all of that. I also have no doubt, and I say this as an aside that Mrs. Alberta is not the sticking point in this case. I think, quite frankly, she’s being used up to a point, and that’s quite sad. So, I want that record to complete that. We’ve been here a long time, so let me get to the bottom line. I think Mr. Webb is entitled to some compensation for the work that he did from 1981 through 1999. (Emphasis added.)
In his written reasons for judgment, the trial judge stated, “[hjowever, plaintiff produced nine witnesses that showed he was entitled to compensation for work he performed for defendant on the property disputed over the last twenty years.” Wayne was awarded $85,500.00.
A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. LSA-C.C. art.1906. An obligation is a legal relationship whereby a person, called an obligor, is bound to render a performance in favor of another, called the obligee. Performance may consist of giving, doing, or not doing something. LSA-C.C. art. 1756. An obligation cannot exist without a lawful cause. LSA-C.C. art.1966. Cause is the reason why a party obligates him *718 self. LSA-C.C.. art.1967. Article 1967 also provides as follows:
A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee’s reliance on the promise. |f; Reliance on a gratuitous promise made without required formalities is not reasonable. (Emphasis added.)
A promise to make a disposition mortis causa is enforceable against the promisor’s estate when the formal disposition is not made. See Revision Comment — 1984, paragraph (f) for Article 1967. Thus, when a person promises to make a donation mortis causa in return for a promise to render services (perform labor), there is an agreement between two parties that creates reciprocal obligations and this agreement is a contract.
Although Wayne did not expressly plead alternate relief in quasi-contract, he asserted that “he is entitled to reimbursement for all labor performed by him ... and expenses ....” See LSA-C.C.P. arts. 854 and 862. Obligations arising without agreement for which the law has provided an equitable remedy pursuant to Title V of the Louisiana Civil Code are based on the concept of quasi-contract. Louisiana Civil Code articles 2298-2305 address enrichment without cause and a commensurate obligation on the part of the enriched person to compensate for the other party’s impoverishment. Actions based on unjust enrichment have been codified in LSA-C.C. art. 2298, as follows:
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term “without cause” is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.

The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered. (Emphasis added.)
To recover under a theory of unjust enrichment, a plaintiff is required to demonstrate: (1) an enrichment to the defendant; (2) an impoverishment sustained |7by the plaintiff; (3) a connection between the enrichment and resulting impoverishment; (4) the absence of justification or legal cause for the enrichment and the impoverishment; and (5) the lack of any other remedy at law or lack of a contrary rule of law. See City Financial Corporation v. Bonnie, 99-2127, pp. 3-4 (La.App. 1 Cir 5/12/00), 762 So.2d 167, 169, writ denied, 2000-1619 (La.8/31/00), 766 So.2d 1283. Pursuant to LSA-C.C. art. 2298, an action for unjust enrichment is permitted only to fill a void in the law where no express remedy or rule is provided. Louisiana National Bank of Baton Rouge v. Belello, 577 So.2d 1099, 1102 (La.App. 1 Cir.1991). A remedy at law or an applicable rule of law vitiates the utilization of an action based on unjust enrichment. See Morphy, Makofsky & Masson, Inc. v. Canal Place 2000, 538 So.2d 569, 575 (La.1989).
Where there is a gratuitous performance of services, the law “declares a contrary rule” to wit:
*719 Recovery through the application of the doctrine of unjust enrichment, which is based upon the concept that the person enriched must return to the person at whose instance he was enriched that which served to enrich him, is defeated and does not apply in the event the services, which would normally give rise to an obligation to pay, are rendered gratuitously. In the presence of a gratuitous intent on the part of the party performing the services, circumstances which would otherwise give rise to a quasi-contractual obligation to pay for the services rendered, give rise merely to an imperfect obligation incapable of enforcement in a court of law. (Citations omitted.)
Martin v. Bozeman, 173 So.2d 382, 387 (La.App. 1 Cir.1965). See LSA-C.C. arts. 1909 and 1910 for definitions of gratuitous and onerous.
Wayne had the burden of proving the nature of the obligation (equitable or conventional) that ivas owed to him by Alberta and his entitlement to recover money as a result of the obligation. LSA-C.C. art. 1831. Because the asserted value of his claim is more than $500.00, he must prove his entitlement “by at least one witness and other corroborating circumstances.” LSA-C.C. art. 1846.
R The standard of appellate review of factual findings in a civil action is a two-part test: (1) the appellate court must find from the record there is a reasonable factual basis for the finding of the factfin-der, and (2) the appellate court must further determine the record establishes the finding is not manifestly erroneous (clearly wrong). Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Factual findings should not be reversed on appeal absent manifest error. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). If the trial court’s or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990). Consequently, when there are two permissible views of the evidence, the fact-finder’s choice between them cannot be manifestly erroneous. Sistler, 558 So.2d at 1112; Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 883 (La.1998).
Wayne testified he was claiming an interest in the 83.21 acres of land because in 1991 Alberta told him that “[i]f I stayed there, took care of her, that she would will me the place.” This is a promise to perform services in return for a donation mortis causa.
Immediately after this testimony, Wayne denied he was “doing this as part of a contractual relationship” and stated he was not “doing it to receive the land” and that Alberta “was like a mother to me.” This indicates that the services were performed gratuitously.
The trial court found as a fact that there was no contract between the parties. This factual finding formed the basis for the trial court judgment that Wayne had no ownership interest in the property. A review of the record shows this factual finding is not manifestly erroneous.
The trial court judge did not specifically rule on whether the relationship between Wayne and Alberta was gratuitous or onerous or whether their 19relationship created an obligation for which the law provides an equitable remedy. In this posture, it is arguable that the manifest error rule does not apply and we can decide these issues de novo. However, even if we assume for the sake of argument that the relationship created an obligation for which there is an equitable remedy and the work was not gratuitously done, Wayne cannot prevail.
*720 Pursuant to LSA-C.C. art. 2298, “[t]he amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.” (Emphasis added.)
Charlie Blades, who was qualified as an expert in farming operations, opined that the cost of maintaining grounds comparable to Alberta’s land amounted to approximately $10,000.00 per year, including the cost of fuel and equipment. Wayne testified that he spent approximately $8,000.00 to $9,000.00 per year on the property; however, he failed to produce any documentation of expenses on behalf of Alberta’s property. He has not met his burden of demonstrating that he incurred said expenses. Further, he was simultaneously managing his separate adjacent 150 acres of land using much of the same equipment.
Wayne failed as a matter of fact and law to prove that he was entitled “to compensation for the maintenance services that he provided.” He was allowed to live on Alberta’s property rent free; he was allowed to use Alberta’s land and equipment for his farming and cattle operations rent free; and he was allowed to dispose of Alberta’s cattle and did not account for them. Wayne had the burden of proving the obligation (equitable or conventional) upon which he claimed recovery and he had the burden of proving the amount of any recovery to which he was entitled.
There is no evidence in the record to show Wayne’s impoverishment and .Alberta’s enrichment because of the amenities given to Wayne in return for the services he performed. It is impossible to determine from the record before us who | Tnwas impoverished the most, who was enriched the most, or which amount was the lesser. The trial court’s factual finding to the contrary is manifestly erroneous.
This assignment of error has merit.
REIMBURSEMENT OF $9,500.00
The trial court awarded Wayne the sum of $9,500.00 as reimbursement for his payment of the purchase price of the 5.02 acre tract sold to Alberta. The evidence supports Wayne’s assertion that the money he advanced in 1993 was not intended to be a donation to Alberta. Wayne anticipated becoming the beneficiary of the property at Alberta’s death. At trial, Alberta did not recall that the 5.02 acres had been purchased in her name. (Alberta was 93 years old at the time of the trial.)
The sums advanced by Wayne to purchase the property in Alberta’s name constitute a loan. Pursuant to LSA-C.C. art. 2910, a “loan for consumption is an agreement by which one person delivers to another a certain quantity of things which are consumed by the use, under the obligation, by the borrower, to return to him as much of the same kind and quality.”
In her answer, Alberta asserts that this claim “is prescribed by the liberative prescription provided for by the Louisiana Civil Code.” An action on money lent is subject to a liberative prescription of three years. LSA-C.C. art. 3494(3). Louisiana Civil Code article 3495, thereafter, states in relevant part, “This prescription commences to run from the day payment is exigible.” Wayne’s loan became exigible as of the 1993 date that the loan and act of sale transpired. No legal action was filed until 1999; therefore, the claim has prescribed. The peremptory exception raising the objection of prescription is sustained. The judgment of the trial court awarding Wayne the sum of $9,500.00 is reversed.
This assignment of error has merit.
11 NOTICE OF LIS PENDENS
Finally, we address the issue of the validity of the notice of lis pendens
*721 filed by Wayne on the 83 acre tract of land. The purpose of a lis pendens recording is to give effective notice to third parties of ongoing litigation affecting title to real property. LSA-C.C.P. art. 3751. The notice is not concerned with the merits of the litigation; nor is it a lien. Whitney National Bank v. McCrossen, 93-2160, p. 3 (La.App. 4 Cir. 3/29/94), 635 So.2d 401, 403, writ denied, 94-1108 (La.7/1/94), 639 So.2d 1164. Additionally, LSA-C.C.P. art. 3753 provides, in part: “When judgment is rendered in the action or proceeding against the party who filed the notice of the pendency thereof, the judgment shall order the cancellation of the notice at the expense of the party who filed it, and as part of the costs of the action or proceeding.” The trial court judgment determined that Wayne has no ownership interest in the property. Wayne did not appeal, or answer the appeal of, that determination and it is res judicata. LSA-R.S. 13:4231. In accordance with LSA-C.C.P. art. 3753, we remand the matter to the trial court for further action consistent with this opinion and the directive of that statute.
This assignment of error has merit.
ALBERTA’S CLAIM FOR REIMBURSEMENT
Alberta asserts the trial court erred by failing to make Wayne “account for the $1,000.00 payment” allegedly given to Wayne for a right-of-way across Alberta’s 5.02 tract of land. This issue was not raised in Alberta’s cross-claim or answer and was not ruled on by the trial court. Further, there is insufficient evidence in the record to act upon it. Accordingly, we decline to adjudicate this issue because it is not properly before us.
This assignment of error is not considered.
| ^DECREE
For the foregoing reasons, (1) the judgment of the trial court awarding Wayne a lifetime usufruct is reversed and Charlotte Durbin Webb is hereby evicted from the 5.02 acres at issue; (2) the judgment awarding Wayne compensation in the amount of $85,500.00 is reversed and judgment is rendered in favor of Alberta dismissing this claim with prejudice; (3) the judgment awarding Wayne $9,500.00 for the loan of the purchase price for the 5.02 acres of land is reversed and judgment is rendered in favor of Alberta sustaining her peremptory exception raising the objection of prescription and dismissing this claim with prejudice; and (4) the judgment in favor of Wayne maintaining the notice of lis pendens is reversed and this issue is remanded to the trial court to cancel the notice in accordance with the law and the views expressed herein. Wayne is cast for all costs of these proceedings.
REVERSED IN PART; REVERSED AND RENDERED IN PART; REVERSED AND REMANDED IN PART.
LANIER, J., concurs and assigns reasons.

. Wayne died October 1, 2002. Charlotte Durbin Jeansonne Webb, the testamentary executrix of his succession, has been substituted herein as the plaintiff/appellee.

. Alberta died on February 26, 2002. Artem-us Ward Courtney, the testamentary executor of her succession, has been substituted herein as the defendanVappellant.