| t FITZSIMMONS, Judge,
dissenting, in part, with reasons.
I respectfully dissent from the majority’s reversal of the court’s determination that Wayne was entitled to some compen *722 sation for the work that he had performed on behalf of Alberta Webb. An award should be granted on the basis of unjust enrichment.
The court found factually that Wayne had “performed work for defendant on the property disputed over the last twenty years.” This finding was premised on the testimony of nine witnesses who “showed that [Wayne] was entitled to compensa-tion_” A court of appeal may not reverse factual findings by the trial court, even though convinced that had it been sitting as the trier of fact, it would have probably weighed the evidence differently. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). My review of the record does not reveal the absence of a reasonable factual basis for the court’s finding or that it is clearly wrong. Ly v. State, Department of Public Safety and Corrections, 633 So.2d 197, 204 (La.App. 1st Cir.1993), writ denied, 93-3134 (La.2/25/94), 634 So.2d 835.
Finding no manifest error in the court’s determination that Wayne’s efforts were not gratuitous, one turns to the legal foundation for remuneration. Although Wayne did not expressly plead alternate relief in quasi-contract, he asserted that “he is entitled to reimbursement for all labor performed by him ... and expenses .In Louisiana, fact-pleading determines the character of the claim or defense, as opposed to a system based on the “theory of the case.” No special pleading of a quasi-contract action is required to recover as long as the acts alleged |3are sufficient to provide fair notice of the remedy sought. Kibbe v. Lege, 604 So.2d 1366, 1371 (La.App. 3rd Cir.), writs denied, 606 So.2d 540 and 541 (La.1992). The court is obligated to construe allegations of fact under any theory of law that grants relief to the pleader. La. C.C.P. arts. 854, 891, 1003, 1004; Cox v. W.M. Reroman & Co., Inc., 298 So.2d 848, 855 (La.1974); see also Paxton v. Ballard, 289 So.2d 85, 87 (La.1974).
Obligations arising without agreement for which the law has provided an equitable remedy pursuant to Title V of the Louisiana Civil Code are based on the concept of quasi-contract. As is pointed out in the majority opinion, La. C.C. arts. 2298-2305 address enrichment without cause, also identified as “actio de in rem verso,” [1] and a commensurate obligation on the part of the enriched person to compensate for the other party’s impoverishment.
To recover under a theory of unjust enrichment, a plaintiff is required to demonstrate: (1) an enrichment to the defendant, (2) an impoverishment sustained by the plaintiff, (3) a connection between the enrichment and resulting impoverishment, (4) the absence of justification or legal cause for the enrichment and the impoverishment, and (5) the lack of any other remedy at law. See City Financial Corporation v. Bonnie, 99-2127, pp. 3-4 (La.App. 1 Cir 5/12/00), 762 So.2d 167, 169, writ denied, 2000-1619 (La.8/30/00), 766 So.2d 1283. Pursuant to La. C.C. art. 2298, an action for unjust enrichment is permitted only to fill a void in the law where no express remedy is provided. Louisiana National Bank of Baton Rouge v. Belello, 577 So.2d 1099, 1102 (La.App. 1st Cir.1991). A remedy at law vitiates the utilization of an action based on unjust enrichment. Morphy, Makofsky & Masson, Inc. v. Canal Place 2000, 538 So.2d 569, 575 (La.1989).[2]
*723 In the instant case, the first three criteria of enrichment, impoverishment and a connection between the two, are easily satisfied. See Kibbe, 604 So.2d at 1372. The fourth element is also substantiated because there existed no enforceable contract or juridical act between Mrs. Webb and Wayne. Notwithstanding a verbal agreement between the parties, Mrs. Webb was under no legal requirement to transfer her property to Wayne. Finally, there is no other viable remedy at law available to Wayne to attain the subject property pursuant to the terms of his verbal understanding with Mrs. Webb. Thus, the characteristics of this relationship fall within the gap for which no express remedy has been provided and for which the doctrine of unjust enrichment has been enacted. Mouton v. State, 525 So.2d 1136, 1142 (La.App. 1st Cir.), writ denied, 526 So.2d 1112 (La.1988).3
Personal actions sounding in quasi-contracts are subject to a liberative prescription of ten years, unless otherwise expressly enumerated by legislature. La. C.C. art. 3499. Moreover, the cause of action in in rem verso arises on the date that the person seeking recovery has been compelled to discharge the obligation which formed the basis for the unjust enrichment claim. Minyard v. Curtis, 251 La. 624, 205 So.2d 422, 433 (1967). In the case sub judice, the court found that Wayne had provided services that benefited Mrs. Webb between 1981 and 1999, and it awarded $85,000.00 for Wayne’s labor. Wayne’s suit was filed on November 19, 1999; therefore, the court erred in failing to hold that any claims for compensation prior to November 19, 1989 had prescribed. Moreover, there is uneontrovert-ed testimony in the record that Wayne was unable to perform any |4services on the litigated premises for a period of at least one year, or more, between 1992 and the beginning of 1994 when he was imprisoned (or on a work release program) for tax fraud. Accordingly, his claim for compensation is reduced to entail a nine-year period of time.
The amount of compensation due is determined by the degree to which one party has been enriched or the other party has been impoverished, whichever is the lesser figure. La. C.C. art. 2298. Charlie Blades, who was qualified as an expert in farming operations, opined that the cost of maintaining grounds comparable to Mrs. Webb’s land amounted to approximately $10,000.00 per year, including the cost of fuel and equipment. Wayne testified that he spent approximately $8,000.00 to $9,000.00 per year on the property; however, he failed to produce any documentation of expenses on behalf of Mrs. Webb’s property. He has not met his burden to demonstrate that he incurred said expenses. Moreover, he was simultaneously managing his separate adjacent 150 acres of land using much of the same equipment.
Accordingly, it is respectfully submitted that Wayne bore his burden of demonstrating that he is entitled to compensation for the maintenance services that he provided. However, the evidence reveals that such an award should be granted at a significantly lower sum in the range of $2,600.00 per year for the nine years that he maintained the property, or a total sum of $23,400.00. This court should concomitantly reverse that portion of the judgment that renders the monetary judgment sub *724 ject to the suspensive condition of the death of Mrs. Webb.
It is for these reasons that I respectfully dissent in part.

. Actio de in rem verso is derived from a Latin term that signifies an action related to property used for the defendant's benefit. Jeffrey L. Oakes, Article 2298. The Codification of the Principle Forbidding TJnjnst Enrichment, and the Elimination of Quantum Meruit as a Basis for Recovery in Louisiana, 56 La. L.Rev. 873, n. 4, citing Ballentine's Law Dictionary.

. "Quantum meruit,” a term based on common law has been compared to the equitable *723 doctrine of unjust enrichment. Salley v. Colonial Marine Industries, Inc., 95-2215, p. 19 (La.App. 4 Cir. 9/11/96), 680 So.2d 1242, 1252. A discussion of the distinguishing, and sometimes confused, factors between these two legal premises is found in Morphy, Makofsky & Masson, Inc., 538 So.2d at 574-575.