NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-90

LAVELLE W. AYCOCK, ET AL.

VERSUS

DANIEL CHICOLA

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 81275 DIV. A
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.

AFFIRMED.

Joseph B. Stamey
Stamey Law Firm
P. O. Box 1288
Natchitoches, LA 71458-1288
(318) 352-4559
COUNSEL FOR PLAINTIFF APPELLEE:
    Lavelle W. Aycock, et al.
    Henry M. Wells, III

**William Roby Jones**
**Jones & Adams**
**P. O. Box 598**
**Coushatta, La 71019-0598**
**(318) 932-4011**
**COUNSEL FOR INTERVENOR APPELLEE:**
    Edgar Gaddis, Inc.

**Louis Wellan**
**Attorney at Law**
**P. O. Box 12323**
**Alexandria, LA 71315**
**(318) 443-9917**
**COUNSEL FOR DEFENDANT APPELLANT:**
    Daniel Chicola

**Randall Brian Keiser**
**Keiser Law Firm**
**P.O. Box 12358**
**Alexandria, LA 71315-2394**
**(318) 443-6168**
**COUNSEL FOR INTERVENOR APPELLEE:**
    Edgar Gaddis, Inc.

**John Mark Miller**
**Stamey Law Firm**
**P. O. Drawer 1288**
**Natchitoches, LA 71457**
**(318) 352-4559**
**COUNSEL FOR PLAINTIFF APPELLEE:**
    Lavelle W. Aycock, et al.
    Henry M. Wells, III

**United Country/Edgar Gaddis Realty**
    Edgar Gaddis, Inc.

**SAUNDERS, J.**

This is an appeal of a motion for partial summary judgment which dismissed appellant's reconventional demand alleging slander of title.

**FACTS AND PROCEDURAL HISTORY:**

Appellee/Plaintiffs Lavelle W. Aycock, Arden J. Lea, and South Texas Partners, LLC ("Purchasers) originally filed this action against Appellant/Defendant, Daniel Chicola, seeking a judgment finding a valid buy/sell agreement. Purchasers asserted they entered in a contract to buy/sell real estate and Chicola breached this agreement in refusing to sell the property to Purchasers. Purchasers also sought damages arising from breach of the buy/sell agreement. Chicola filed a reconventional demand asserting an action for slander of title based on Purchasers' filing of a notice of lis pendens. Chicola also filed a peremptory exception of no cause of action claiming the buy/sell agreements were not valid contracts to sell land.

The district court dismissed Purchasers' claims after granting Chicola's exception of no cause of action. This court, in *Aycock v. Chicola*, 09-563 (La. App. 3 Cir. 12/16/09), 27 So.3d 1005, reversed the district court's ruling, finding Purchasers set forth a valid cause of action regarding the buy/sell agreement. Following this court's reversal of the exception of no cause of action, additional motions and exceptions were filed.

An exception of no right of action filed by Chicola was denied. A motion for partial summary judgment filed by Purchasers seeking dismissal of the reconventional demand filed by Chicola alleging slander of title was granted. Chicola and Purchasers also filed motions for summary judgment on the issue of whether a valid buy/sell agreement exists. Those were also denied by the district

court. Thus, the ultimate issue as to the existence of a buy/sell agreement will proceed to trial.

This appeal is based on the district court's granting of partial summary judgment and dismissal of Chicola's reconventional demand for slander of title and the notice of lis pendens that was contemporaneously filed with Purchasers' petition.

## ASSIGNMENTS OF ERROR:

Chicola sets forth the following assignments of error:

1.  The district court erroneously applied the legal standard and granted the exception for summary judgment dismissing Chicola's reconventional demand.

2.  The district court erroneously held Chicola was not entitled to seek damages from Purchasers for filing the notice of lis pendens.

## LAW AND ANALYSIS:

Purchasers filed their original action asserting a valid buy/sell agreement existed since the parties agreed on the "thing" and the "price." Purchasers sent an initial offer, which included the price of $725,000.00. Chicola made revisions regarding the delivery of physical possession of the property, initialed, and signed his counteroffer. Purchasers assert they accepted this counteroffer though verbal acceptance, the purchase of a bank money order, and the preparation of an agreement by Chicola's agent to which Purchaser verbally consented and subsequently signed. Whether there was a valid buy/sell agreement is to be decided at trial and is not the subject of this appeal. The relevant issue with regard to Chicola's appeal is that Purchasers sought to enforce the buy/sell agreement and

filed a contemporaneous notice of lis pendens to place third parties on notice of pendency of litigation affecting title to real property.

An appellate court reviews a trial court's decision to grant a motion for summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730; *Boland v. West Feliciana Parish Police Jury*, 03-1297 (La.App. 1 Cir. 6/25/04), 878 So.2d 808, *writ denied*, 04-2286 (La. 11/24/04), 888 So.2d 231. Summary judgment is appropriate when there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966.

To receive damages for an action for slander of title regarding the filing of a notice of lis pendens, Chicola must prove the notice of lis pendens was filed with malice and without probable cause. *Dane v. Doucet Bros. Const. Co.*, 396 So.2d 418 (La.App. 4 Cir. 1981). For Purchasers to succeed in their motion for dismissal of Chicola's reconventional demand, they are required to show an absence of factual support for one or more elements essential to Chicola's claim for slander of title. Purchasers are not required to negate all essential elements of the claim. La.Code Civ.P. art. 966(C)(2).

Purchasers believed they had a valid buy/sell agreement with Chicola. Once they learned Chicola refused to abide by the buy/sell agreement, Purchasers sought to protect their rights and filed a petition to enforce the agreement along with a corresponding notice of lis pendens to provide notice to third persons on the pendency of the litigation which could affect the title to this particular tract of immovable property. *See* La.Code Civ. Pro. art. 3751. Notice of lis pendens is not concerned with the merits of the litigation which prompted its recordation. *Webb v.*

*Webb*, 01-1577 (La.App. 1 Cir. 11/8/02), 835 So.2d 713, *writ denied*, 02-3001 (La. 3/14/03), 839 So.2d 37.

Appellant's two assignments of error are essentially the same issue. The trial judge used the correct legal standard in determining Chicola was not entitled to damages. Purchasers met their burden of showing there is an absence of an essential element to Chicola's claim for slander of title—there is no evidence of malice or that the filing was done without probable cause. There is no evidence in the record to support Chicola's claim that the notice of lis pendens was filed with malice and without probable cause. The only evidence Chicola offers as to Purchasers' malice was that Lavelle Aycock was "mad" about Chicola entertaining other offers on the property. Upon gaining this information, Purchaser consulted an attorney and began this suit. This evidence is insufficient to prove malice for Chicola's claim of slander of title. Purchasers show there was pending litigation as to the relevant tract of land. This litigation would affect title to the property.

There is no factual support to prove the notice of lis pendens was filed with malice and without probable cause. The district court properly dismissed Chicola's reconventional demand.

**CONCLUSION:**

The district court properly granted Purchasers' partial motion for summary judgment dismissing Chicola's reconventional demand.

Costs of this appeal are assessed to Chicola.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules– Courts of Appeal, Rule 2–16.3.

4