416 So.2d 1347 (1982)
Raymond LEMIEUX, Jr.
v.
PRUDENTIAL INSURANCE COMPANY.
No. 14951.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
*1348 Stephen J. Laborde, Metairie, for plaintiff-appellant Raymond Lemieux, Jr.
Glenn B. Adams, James S. Thompson, New Orleans, for defendant-exceptor appellee Prudential Property and Casualty Ins. Co. (Prudential Ins. Co.).
Before LEAR, CARTER and LANIER, JJ.
LEAR, Judge.
Plaintiff, Raymond J. Lemieux, Jr., filed this action against his uninsured motorist insurer, Prudential Insurance Company, seeking damages for personal injuries sustained in an automobile accident. In his petition, plaintiff alleged that he was injured when he was forced to swerve off the road to avoid contact with a vehicle which was approaching in his lane. Plaintiff further alleged that he was successful in averting contact with the oncoming vehicle, but severely injured himself when his car impacted along the side of the road. The other vehicle left the scene of the accident without stopping, and neither it nor its driver was ever identified.
Defendant answered, denying the allegations of plaintiff's petition, except to admit that it provided plaintiff with UM coverage and that there was no physical contact between plaintiff's automobile and the unidentified vehicle. Shortly after answer, defendant filed a "peremptory exception of no right or cause of action". The trial court sustained the exception but gave plaintiff fifteen days to amend his petition. Plaintiff timely amended, alleging that the unidentified vehicle and its driver were uninsured. Notwithstanding the amendment, the trial court maintained the exception and dismissed plaintiff's lawsuit. Plaintiff then timely appealed from the judgment of dismissal signed by the trial court.
In the instant case, the basis of defendant's exception lies in the provisions of the insurance policy, which state that an insured may not recover against his UM insurer in instances wherein the allegedly uninsured driver and vehicle are unidentified, unless there is physical contact between the vehicles. Thus, defendant is contending that the law affords plaintiff no remedy under such circumstances and that plaintiff's petition fails to state a cause of action.
The insurance policy at issue was submitted to the trial court at or prior to the hearing on defendant's exception, and it appears from the judgment on the exception that the policy was considered by the trial court as an exhibit. While evidence is not admissible at any time to support or defeat a peremptory exception of no cause of action, La.C.C.P. art. 931; American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (1970), evidence may be properly considered by the court in this regard where it is admitted without objection. In such case, the pleadings are considered to have been enlarged. Hensley v. Government Employees Insurance Company, 340 So.2d 603 (La.App. 1st Cir. 1976), writ denied, 342 So.2d 224 (La.1977).
In the instant case, plaintiff expressly alleges in his petition that there was no physical contact between his vehicle and the unidentified driver. It has been consistently held by the courts of this state that, in order to recover against his UM insurer, plaintiff must show either that there was physical contact under the "hit and run" definition of the insurance policy or the *1349 identity of the vehicle which allegedly struck plaintiff or of the operator of said vehicle. Gex v. Doe, 391 So.2d 69 (La.App. 4th Cir. 1980), writ denied, 396 So.2d 899 (La.1981); Oliver v. Jones, 376 So.2d 1256 (La.1979); Hensley v. Government Employees Insurance Company, supra; Collins v. New Orleans Public Service, Inc., 234 So.2d 270 (La.App. 4th Cir.), writ denied, 256 La. 375, 236 So.2d 503 (La.1970). Since plaintiff failed to allege either of these elements, and in fact alleged the converse, his petition, as amended, fails to state a cause of action. Accordingly, the trial court's judgment dismissing plaintiff's suit is correct.
For the foregoing reasons, the judgment of the trial court in favor of defendant, Prudential Insurance Company, and against plaintiff, Raymond Lemieux, Jr., is hereby affirmed. All costs, both at trial and on appeal, are to be paid by plaintiff-appellant.
AFFIRMED.