PER CURIAM.
Plaintiffs sued defendants and defendants’ insurer alleging an intentional tort. Defendants then filed a third party demand against their insurer. The insurer filed exceptions of no cause of action against both plaintiffs and defendants. The exceptions were sustained by the trial court.
Appellants (plaintiffs and defendants) argue that the trial court erred in considering the insurance policy in effect between defendants and their insurer in ruling on the exceptions of no cause of action.
Evidence is not admissible at anytime to support or defeat a peremptory exception of no cause of action. La.C.C.P. art. 931. However, evidence may be properly considered by the court where it is admitted without objection. In such case, the pleadings are considered to have been enlarged. Hensley v. Government Employees Insurance Company, 340 So.2d 603 (La.App. 1st Cir.1976), writ denied, 342 So.2d 224 (La.1977); Lemieux v. Prudential Insurance Company, 416 So.2d 1347 (La.App. 1st Cir.1982), writ denied, 420 So.2d 454 (La.1982).
In this case plaintiff’s petition alleges facts that could form the basis for recovery absent an exclusion in the policy. Plaintiff did not attach the policy to the petition so it formed no part of plaintiff’s pleadings. Consequently, it could only be considered if submitted by stipulation or *774 without objection. Hensley, 340 So.2d 605, Lemieux, 416 So.2d 1348. The policy ended up in the record and was considered by the trial court. However, the record does not reflect how it got there. Plaintiff objects to its consideration. Obviously then, plaintiffs did not stipulate to its introduction. There is nothing in the record indicating the policy was presented when plaintiffs had the opportunity to object. Therefore, objection to the policy cannot be considered waived.
The trial court considered evidence in sustaining an exception of no cause of action. This is prohibited by La.C.C. art. 931. Consequently, we reverse and remand for further proceedings in accordance with law. Costs are to be paid by appellees.
REVERSED AND REMANDED.