CALLOWAY, J.
I ¿Plaintiff, Donald Joe Calloway,[2] appeals a judgment granting the exceptions raising the objections of no cause of action and prescription filed by defendant, Anna Lobrano, and dismissing his claims with prejudice. For the reasons stated herein, we affirm.
FACTS AND PROCEDURAL HISTORY
Mr. Calloway filed suit against Ms. Lo-brano on November 23, 2015, seeking to be reimbursed for a $400,000.00 check he issued to her on August 15, 2012. Mr. Callo-way alleged that he delivered the check to his late grandfather, T Joe Calloway, who was Ms. Lobrano’s boyfriend, and that his grandfather presented the check to Ms. Lobrano, who negotiated it. Mr. Calloway alleged that he had made amicable demand on Ms. Lobrano, but she had not returned the funds. The petition stated the causes of action were “enrichment without cause” pursuant to La. C.C. art. 2298 and “obligation to restore” pursuant to La. C.C. art. 2299.
Ms. Lobrano filed a peremptory exception raising the objection of no cause of action, and in the alternative, raising the objection of prescription, claiming that Mr. Calloway failed to plead a prima facie cause of action for a claim of unjust enrichment. Ms. Lobrano also asserted that Mr. Calloway’s claim was prescribed pursuant to La. C.C. art. 3494(3), since the funds should have been characterized as a loan.
A hearing was held on February 22, 2016, wherein the trial court sustained Ms. Lobrano’s exception raising the objection of prescription and took the exception raising the objection of no cause of action under advisement,[3] On the |ssame date as the hearing, Mr. Calloway filed an amended petition alleging the elements of a cause of action of unjust enrichment and asserting, alternatively, that the check made payable to Ms. Lobrano was a loan of which he expected to be repaid a year from the date of the check. It is unclear from the record if the trial court was aware of the amended petition at the time of the hearing or when it issued its oral ruling.[4] On February 29, 2016, the trial court issued a ruling sustaining the exceptions raising the objections of no cause of action and of prescription, and judgment was signed accordingly on March 18, 2016.
Mr. Calloway filed a motion for new trial, which the trial court heard on May 16, 2016. The trial court denied the motion for new trial, and judgment was signed on May 20, 2016. Mr. Calloway moved for appeal from a final judgment rendered March 18, 2016.[5] He also acknowledged that a motion for new trial hearing was held on May 16, 2016, which was denied and that he desired to “appeal devolutively from the final judgment rendered in this action.” The only description of the final judgment in the motion for appeal refers to the March 18, 2016 judgment, not the May 20, 2016 judgment denying the motion for new trial. The actual order signed *648 by the trial court does not specify which judgment is being appealed. Therefore, given the motion and order before us in the record, we consider this appeal to be from the March 18, 2016 judgment on the merits, the only judgment referenced by Mr. Calloway in his motion for appeal.
ERRORS
Mr. Calloway claims that the trial court erred in finding that he failed to state a cause of action for unjust enrichment and in finding that his claim had prescribed.
j^LAW AND DISCUSSION
Exception of No Cause of Action
The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South Inc., 616 So.2d 1234, 1235 (La. 1993); Copeland v. Treasure Chest Casino, LLC, 2001-1122 (La.App. 1 Cir. 6/21/02), 822 So.2d 68, 70. All facts pled in the petition must be accepted as true. Rebardi v. Crewboats, Inc., 2004-0641 (La.App. 1 Cir. 2/11/06), 906 So.2d 456, 457. Furthermore, the facts shown in any documents annexed to the petition must also be accepted as true. See B & C Electric, Inc. v. East Baton Rouge Parish School Board, 2002-1578 (La.App. 1 Cir. 5/9/03), 849 So.2d 616, 619; Cardinale v. Stanga, 2001-1443 (La.App. 1 Cir. 9/27/02), 835 So.2d 576, 578; see also La. C.C.P. art. 853 (“A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.”) No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. The exception is triable on the face of the pleading, and for the purpose of determining the issues raised by the exception, the well-pleaded facts in the pleading must be accepted as true. Richardson v. Richardson, 2002-2415 (La.App. 1 Cir. 7/9/03), 859 So.2d 81, 86. Thus, the only issue at the tidal of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Perere v. Louisiana Television Broadcasting Corporation, 97-2873 (La.App. 1 Cir. 11/6/98), 721 So.2d 1075, 1077.
In the present case, both the petition and amended petition filed by Mr. Calloway contained annexed documents, which this court must consider on our review of the exception raising the objection of no cause of action. The only | ^documentary evidence that may be considered on an exception raising the objection of no cause of action is that which has been annexed to the petition, unless the evidence is admitted without objection to enlarge the petition. Woodland Ridge Ass’n v. Cangelosi, 94-2604 (La.App. 1 Cir. 10/6/95), 671 So.2d 508, 511.
In reviewing a trial court’s ruling sustaining an exception raising the objection of no cause of action, the appellate court conducts a de novo review. The exception raises a question of law, and the trial court’s decision is based only on the sufficiency of the petition. Fink v. Bryant, 2001-0987 (La. 11/28/01), 801 So.2d 346, 349; B & C Elec., 849 So.2d at 619. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim that would entitle him to relief. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity to present evidence at trial. Richardson, 859 So.2d at 86. The question, therefore, is whether, in the light *649 most favorable to the plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. Copeland, 822 So.2d at 70.
When a petition states a cause of action as to any ground or portion of the demand, an exception raising the objection of no cause of action must be overruled. Thus, if the petition sets forth a cause of action, none of the other causes of action may be dismissed based on an exception pleading the objection of no cause of action. Further, any doubts are resolved in favor of the sufficiency of the petition. Copeland, 822 So.2d at 70.
Unjust enrichment requires a person who has been enriched without cause at the expense of another person to provide compensation to that person. La. C.C. 1 fiart, 2298. Recovery pursuant to unjust enrichment requires a plaintiff to prove: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the resulting impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) the lack of another remedy at law. Davis v. Elmer, 2014-1298 (La.App. 1 Cir. 3/12/15), 166 So.3d 1082, 1088. Most importantly, this remedy is subsidiary in nature and shall not be available if the law provides another remedy. “The mere fact that a plaintiff does not successfully pursue another remedy does not give the plaintiff the right to recover under the theory of unjust enrichment.” Walters v. MedSouth Record Mgmt., LLC, 2010-353 (La. 6/4/10), 38 So.3d 243, 244 (per curiam) (citing La. C.C. art. 2298).
Accepting the facts of the petition and amended petition as true, Mr. Callo-way asserts that Ms. Lobrano received money he did not owe. her; that she was enriched and he was impoverished by the same amount; that the enrichment and impoverishment were connected since the funds were drawn on, his, bank account; and that there was an absence of “justification” or ‘‘legal cause” for the impoverishment as the parties had neither an oral or written agreement concerning ■ the $400,000.00 payment. Although Mr. Callo-way states in his amended petition that he had no other legal remedy at law, he alternatively pleads that the money paid to Ms. Lobrano was a loan, which he expected, to be repaid within a year.
Ms. Lobrano argues ■ that Mr. Calloway failed to allege an absence of justification or legal cause of the impoverishment and did not allege a lack of any' other remedy. Ms. Lobrano asserts that 'Mr. Calloway has another remedy at law in the forrii -of an action to recover money lent, Mr..Callo-way argues that he asserted the causes of action of unjust enrichment and an action on money lent in the alternative. Louisiana Code of Civil Procedure article 89.2 pror vides “a petition may set forth two or more causes of action in the alternative, even though the legal |7or factual bases thereof may be inconsistent of mutually exclusive.” Easy Way Homes Corp. v. Vezinat, 2014-0240 (La. 4/17/14), 137 So.3d 13, 14 (per curiam).
The pertinent issue is whether Mr. Calloway has available remedies, not whether he has a remedy against Ms. Lo-brano. The existence of a contractual remedy precludes a plaintiff from maintaining a cause of action in unjust .enrichment for the same damages. See Insulation Technologies, Inc. v. Industrial Labor and Equipment Services, Inc., 2013-0194 (La. App. 4 Cir. 8/14/13), 122 So.3d 1146, 1151. The Louisiana Supreme Court addressed the very issue, before this court in Walters where the plaintiff alleged.in his petition .a delictual action and a claim for unjust enrichment. “Having pled a delictual action, we find plaintiff is precluded from, seeking *650 to recover under unjust enrichment.” Walters, 38 So.3d at 244 (citing Gallant Investments, Ltd. v. Illinois Central R. Co., 2008-1404 (La.App. 1 Cir. 2/13/09), 7 So.3d 12, 18). Furthermore, the supreme court stated, “[bjecause the law provided plaintiff with another remedy, we find he has failed to state a cause of action in unjust enrichment.” Walters, 38 So.3d at 244. We agree with the trial court that Mr. Callo-way’s allegations fail to state an unjust enrichment cause of action against Ms. Lobrano, because he has a remedy available on the action for money lent, and cannot satisfy the fifth requirement of an unjust enrichment claim, the lack of another remedy at law. See Davis, 166 So.3d at 1088.
Accordingly, based on our de novo review, we conclude the trial court did not err by finding that Mr. Calloway has failed to state a cause of action against Ms. Lobrano for unjust enrichment.
Exception of Prescription
The objection of prescription may be raised by a peremptory exception. La. C.C.P. art. 927(A)(1). Although evidence may be introduced to support or controvert any objection pleaded, in the absence of evidence, an objection of | ^prescription must be decided upon facts alleged in the petition with all allegations accepted as true. La. C.C.P. art. 931; Cichirillo v. Avondale Industries, Inc., 2004-2894 (La. 11/29/05), 917 So.2d 424, 428. When prescription is raised with evidence being introduced at the hearing on the exception, the trial court’s findings of fact on the issue of prescription are subject to the manifest error-clearly wrong Standard of review. London Towne Condominium Homeowner’s Ass’n v. London Towne Co., 2006-401 (La. 10/17/06), 939 So.2d 1227, 1231. Under the manifest error Standard of review, a factual finding cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La. 1993).
Ordinarily, a party urging an exception of prescription bears the burden of proving that the prescriptive period has elapsed. However, if the petition shows that it is prescribed on its face, then the burden shifts to the plaintiff to prove that the prescriptive period has not elapsed. Eastin v. Entergy Corp., 2003-1030 (La. 2/06/04), 865 So.2d 49, 54. When evidence is introduced at the hearing on a peremptory exception of prescription, the trial court’s findings of fact are reviewed under the manifest error-clearly wrong Standard of review. Babineaux v. State ex rel. Dept. of Transportation and Development, 2004-2649 (La.App. 1 Cir. 12/22/05), 927 So.2d 1121, 1123. However, where the issue of prescription turns upon the proper application and interpretation of statutory law, the exception presents a question of law for appellate review. See McKenzie v. Imperial Fire and Casualty Ins. Co., 2012-1648 (La.App. 1 Cir. 7/30/13), 122 So.3d 42, 46, writ denied, 2013-2066 (La. 12/6/13), 129 So.3d 534. In the present case, both the trial court’s written ruling on February 29, 2016, and its March 18, 2016 judgment indicate that it did consider exhibits and evidence at the hearing. Therefore, the manifest error Standard of review applies to this matter.
|9Mr. Calloway claims that his action is not prescribed because as one for unjust enrichment, pursuant to La. C.C. art. 2298, it is subject to a ten-year prescriptive period. La. C.C. art. 3499. Ms. Lobrano asserts that the claim is for money lent, which has a three-year prescriptive period. La. C.C. art. 3494. This court has already determined that Mr. Calloway does not have a cause of action for unjust enrichment. Therefore, the only remaining issue is *651 whether his action for money lent has prescribed.
In his amended petition, Mr. Cal-loway alleged that Ms. Lobrano agreed to pay back a “loan” within a year of August 15, 2012. At the hearing on the motion for new trial, Mr. Calloway stated that the money he gave to Ms. Lobrano was not a gift, but a loan, which he intended would be paid back. The loan for consumption is a contract by which a person, the lender, delivers consumable things to another, the borrower, who binds himself to return to the lender an equal amount of things of the same kind and quality. La. C.C. art. 2904. An action on money lent is subject to a three-year prescriptive period. La. C.C. art. 3494(3). The prescription commences to run from the day payment is exigible. La. C.C. art. 3495.
Mr. Calloway asserted in his original petition that the money was lent on August 15, 2012. The petition was filed on November 23, 2015. However, he asserts that there was no oral or written agreement as to the money loaned. He also testified that he and Ms. Lobrano did not discuss the repayment terms. Therefore, he claims that La. C.C. art. 2909 applies, which states, “[i]n the absence of a certain term or of an agreement that performance will be exigible at will, a reasonable term is applied.” Mr. Calloway claims in his amended petition, that he expected to be reimbursed within one year of August 15, 2012, based on a previous loan from Ms. Lobrano to him that he repaid in one year. However, attached to Mr. Calloway’s amended petition is a May 19, 2015 letter from Ms-lm Lobrano’s counsel to Mr. Cal-loway’s counsel rebutting the claim that the disputed funds were a loan. Mr. Callo-way’s testimony at the motion for new trial hearing, that he had no agreement with Ms. Lobrano, rebuts his allegation that she agreed to a one-year term. Based on the conflicting evidence in the record, the trial court apparently made a factual determination that there was a loan, but that it was not subject to a one-year term, and prescribed before Mr. Calloway filed suit. Mr. Calloway’s personal expectation does not create a reasonable term. Furthermore, Mr. Calloway’s loan to Ms. Lobrano became exigible upon the date he made the loan, August 15, 2012. Performance of an Obligation not subject to a term is due immediately. La. C.C. art. 1777; See Webb v. Webb, 2001-1577 (La.App. 1 Cir. 11/8/02), 835 So.2d 713, 720, writ denied, 2002-3001 (La. 3/14/03), 839 So.2d 37. Accordingly, the trial court did not commit manifest error in finding that the claims of Mr. Calloway had prescribed when he filed his petition on November 23, 2015.
ANSWER TO APPEAL
Ms. Lobrano answered the appeal and requested damages and costs for a frivolous appeal. Louisiana Code of Civil Procedure article 2164 provides that an appellate court may award damages, including attorney fees, for a frivolous appeal, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable. The courts have been reluctant to grant damages under this article, as it is penal in nature and must be strictly construed. In order to assess damages for a frivolous appeal, it must appear that the appeal was taken solely for the purpose of delay or that counsel does not sincerely believe in the view of law he advocates. Furthermore, because appeals are favored in our law, penalties for the filing of a frivolous appeal will not be imposed unless they are clearly due. Henkelmann v. Whiskey Island Preserve, LLC, 13-0180 (La.App. 1 Cir. 5/15/14), 145 So.3d 465, 471.
*652 ■lnWe cannot say that this appeal was taken solely for the purpose of delay or that appealing counsel does not seriously believe in the position he advocates. Thus, considering the arguments asserted by Mr. Calloway on appeal, we decline to award Ms. Lobrano any damages for frivolous appeal.,
CONCLUSION
For the above and foregoing reasons, the trial court’s March 18, 2016 judgment, granting Anna Lobrano’s exceptions raising the objections of no cause of action and prescription, and dismissing the claims of Donald Joe Calloway, with prejudice, is hereby affirmed. Costs of this appeal are assessed against plaintiff, Donald Joe Cal-loway.
AFFIRMED.
McDonald, J. concurs in the result only and assigns reasons.

. Mr. Calloway has no relation to Judge Cal-loway, the author of this opinion,

. This court notes that the minutes of the trial court refer to the hearing, but that the record before us does not contain the transcript of what transpired at that hearing.

. In her brief, Ms. Lobrano asserts that the trial court took the exception of no cause of action under advisement on the date of the hearing so that it could consider the amended petition Mr. Calloway filed on the morning of the hearing.

.This court notes that the "18” is scratched out and replaced with a "20” in the record. However, there is no judgment rendered in this matter on March 20, 2016.