**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2021 CA 0223

SUSAN HENRY HEBERT

VERSUS

LOUISIANA PUBLIC DEFENDER BOARD

Judgment rendered     **OCT 0 8 2021**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C694429 Section 27

The Honorable Trudy M. White, Judge Presiding

* * * * *

| | |
|---|---|
| Jill L. Craft<br>W. Brett Conrad, Jr.<br>Kaitlin A. Wall<br>Baton Rouge, Louisiana | Attorneys for Plaintiff/Appellant<br>Susan Henry Hebert |
| Thomas P. Owen, Jr.<br>Patrick M. Bollman<br>New Orleans, Louisiana | Attorneys for Defendant/Appellee<br>Louisiana Public Defender Board |

* * * * *

**BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.**

Chutz, J. Concurs.

**HOLDRIDGE, J.**

Plaintiff, Susan Henry Hebert, appeals a judgment sustaining a peremptory exception raising the objection of no cause of action filed by defendant, the Louisiana Public Defender Board (Board). We reverse and remand.

## BACKGROUND

On February 27, 2020, Ms. Hebert filed this lawsuit against the Board seeking confirmation of her status as a public employee entitled to participate in the Louisiana State Employees Retirement System (LASERS), an award of service credits pursuant to La. R.S. 11:423, and an award of retirement benefits against the Board. In the petition, Ms. Hebert made the following allegations: In December 1992, Ms. Hebert began employment as an Assistant Public Defender in East Baton Rouge Parish, Louisiana. She never signed a contract or served as an independent contractor, was not allowed to participate in Louisiana's state retirement system, and no social security was paid on her behalf. Ms. Hebert acknowledged that she was provided with a 403B plan. She alleged that by virtue of her employment, she was a state employee.

Continuing, Ms. Hebert alleged that in 1997, the Louisiana Legislature created the Indigent Defense Assistance Board. In 2007, the Legislature renamed that entity as the Louisiana Public Defender Board, and by statute, expressly provided that the Board was a state agency. The Legislature amended La. R.S. 15:147 in 2008 to add Paragraph E, which provided:

> The executive staff, regional directors, and secretarial, clerical, and other personnel directly employed in the operations of the board shall be state employees. All other personnel employed or who serve under contract in a district office shall not be state employees and shall be considered local employees of the district. The Joint Legislative Committee on the Budget may approve other employees hired pursuant to the Louisiana Public Defender Act as state employees upon recommendation of the board.

2

In 2013, the Legislature deleted that portion of La. R.S. 15:147 providing that all other personnel employed or who serve under a contract in a district office shall be considered local employees of the district.

Ms. Hebert urged that the Legislature could not derogate from Article X, § 29 of the Louisiana Constitution, which requires the Legislature to enact laws providing for the retirement of employees of the state, its agencies, and its political subdivisions. According to Ms. Hebert, membership in the state retirement program is a contractional relationship between the employer and employee, and the state must guarantee benefits to its employees.

Ms. Hebert alleged that the Board, a state agency, ran the entire indigent defender program within the state and as set forth in La. R.S. 15:147, directly supervised her. She averred that in order for the Board to avoid contributing and withholding social security contributions, all of its employees must, by operation of law, be considered public employees.

Ms. Hebert alleged that after 26 years of service, she left her employment on April 6, 2019, and despite the fact that she is a state employee, or at a minimum, an employee of a state agency, she was denied participation in any statewide retirement system as required by law, and as a result, she does not have social security or retirement. Ms. Hebert sought a judgment confirming her status as a state employee and her required participation in statewide retirement, service credits, and retirement benefits.

The Board filed a peremptory exception raising the objection of no cause of action. Alternatively, the Board raised the objection of prescription, contending that even if Ms. Hebert had a cause of action against the Board, any claims she had to retirement benefits that arose more than three years prior to the date on which

3

she filed this lawsuit prescribed under La. Civ. Code art. 3494, which sets forth those actions subject to a three-year prescriptive period.

On the objection of no cause of action, the Board argued that Ms. Hebert's claim against it rests on her premise that she is a state employee. However, the Board argued, Ms. Hebert was never employed by the Board, but worked for the local district public defender, and further, by law, Ms. Hebert was never a state employee. The Board maintained that Ms. Hebert's conclusory and unsupported allegation that she is a state employee is directly contradicted by a provision of the Louisiana Public Defender Act, Paragraph E of La. R.S. 15:147, wherein the Louisiana Legislature expressly declared that district personnel, such as assistant public defenders, are **not** state employees. According to the Board, the Public Defender Act establishes that the district public defender office within each judicial district is the entity that hires and supervises assistant public defenders who work for that district, and based on Ms. Hebert's allegations, the District Public Defender for the 19th Judicial District for the Parish of Baton Rouge is the entity who hired and supervised Ms. Hebert, not the Board. The Board urged that since the Legislature declared in the Public Defender Act that assistant public defenders are not state employees, they are not eligible for participation in the LASERS retirement program, and Ms. Hebert is precluded by law from participating in LASERS even if she was somehow considered an employee of the Board. Therefore, the Board submitted, Ms. Hebert failed to state a cause of action against the Board upon which relief could be granted to her, requiring the dismissal of her claims against the Board.

Following a hearing held on November 9, 2020, the trial court sustained the Board's exception raising the objection of no cause of action, ruling that Ms. Hebert was not a state employee, but was an employee of the local public

4

defender's office, which qualified as a local political subdivision of the state. The court deferred the issue of prescription as to the Board and also deferred the issue of whether the local public defender's office should have withheld social security from Ms. Hebert's paycheck.

On November 12, 2020, Ms. Hebert filed a motion for leave to file a supplemental, amending, and restated petition. Therein, she added Mike Mitchell, individually and in his official capacity as District Public Defender for the Parish of East Baton Rouge, as a defendant. She alleged that by virtue of her employment, she is a state employee and/or an employee of a political subdivision of the State of Louisiana, through Mr. Mitchell, individually and in his official capacity as the District Public Defender for the Parish of East Baton Rouge. The allegations and causes of action levied against the Board in the original petition were also asserted against Mr. Mitchell in the amended petition.

The trial court signed a judgment on December 11, 2020, sustaining the Board's objection of no cause of action and deferring the Board's objection of prescription. The judgment dismissed all of Ms. Hebert's claims against the Board. This appeal, taken by Ms. Hebert, followed.

## DISCUSSION

The function of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of the pleading by determining whether the law affords a remedy on the facts alleged in the pleading. **Calloway v. Lobrano**, 2016-1170 (La. App. 1st Cir. 4/12/17), 218 So.3d 644, 648. The exception is triable on the face of the pleading, and for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Id. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. Thus, the only

5

issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. **Calloway**, 218 So.3d at 648.

Because the objection of no cause of action raises a question of law, and the trial court's decision is based solely on the sufficiency of the petition, the appellate court conducts a *de novo* review of the trial court's ruling on the exception. Id. The question to be asked in assessing an objection of no cause of action is whether, viewed in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's behalf, the petition states any valid cause of action for relief. **Calloway**, 218 So.3d at 648-649.

Differently, the exception raising the objection of no right of action questions whether the action is brought by a person having a real and actual interest in the action he asserts. La. C.C.P. art. 681. The peremptory exception raising the objection of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La C.C.P. art 927(6). The function of the exception urging the objection of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. **Robertson v. Sun Life Financial**, 2009-2275 (La. App. 1st Cir. 6/11/10), 40 So.3d 507, 511. The objection of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. **Robertson**, 40 So.3d at 511. Evidence is allowed to be presented at the hearing on an objection of no right of action. La. C. C. P. art. 931.

In this case, Ms. Hebert alleges that she was an employee of the Board or at minimum, an employee of a state agency, and therefore, she is entitled to the benefits that status confers upon her by law. Clearly, Ms. Hebert's petition states a

6

cause of action for a state employee or an employee of a state agency who is being denied retirement benefits or social security benefits. In its objection of no cause of action, the Board contends that Ms. Hebert was never a state employee and that it never employed Ms. Hebert, and for that reason, Ms. Hebert is not entitled to the emoluments conferred by law upon state employees. However, in evaluating the objection of no cause of action, the trial court was bound to accept Ms. Hebert's allegation that she was employed by the state as true. No evidence may be introduced by Ms. Hebert or the Board to support or controvert Ms. Hebert's factual allegation regarding her employment status. Because employment status is an inherently factual determination based on all of the circumstances of the case, and that factual determination is a threshold issue in deciding whether the law entitles Ms. Hebert to any relief against any defendant in the lawsuit, it was improper for the trial court to determine that Ms. Hebert is not a member of the class of persons to whom the law extends the benefits of a particular employment status on an objection of no cause of action.[1] Granting the exception raising the objection of no cause of action would only have been proper if Ms. Hebert had alleged in her petition that she was not an employee of the state, the Board, or a state agency, since no evidence is allowed to be introduced and the merits of the exception is determined from the face of the petition.

## CONCLUSION

For the foregoing reasons, the trial court's December 11, 2020 judgment sustaining the Louisiana Public Defender Board's peremptory exception raising the objection of no cause of action is reversed. The case is remanded to the trial court

[1] As stated earlier in the opinion, the objection of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition, the peremptory exception raising the objection of no right of action questions whether the plaintiff belongs to the class of persons to whom the law grants a cause of action. **Badeaux v. Southwest Computer Bureau, Inc.**, 2005-0612, 2005-719 (La. 3/17/06), 929 So.2d 1211, 1216-17. This procedural avenue affords the parties the opportunity to present evidence on the issue of whether Ms. Hebert is a member of the class of persons entitled to assert employment-related claims against the Board.

7

for proceedings consistent with this opinion. Costs of this appeal, in the amount of $1,091.50, are assessed to the Louisiana Public Defender Board.

**REVERSED AND REMANDED.**