<u>NOT DESIGNATED FOR PUBLICATION</u>

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 1467

SUCCESSION OF KENNETH GREGORY DUSSOR

Judgment Rendered: JUN 0 6 2022

Appealed from the
Twenty-Second Judicial District Court
in and for the Parish of St. Tammany
State of Louisiana
Docket Number 2020-31212

Honorable Raymond Childress, Judge Presiding

* * * * * * * * * * * * *

Brainerd S. Montgomery
New Orleans, LA

Counsel for Plaintiff/Appellant,
Renae Bernard Dussor, natural tutrix
of the minor children Sara Ann Dussor
and Sadie Brianne Dussor

Ryan Scafidel
Whitney Clark
New Orleans, LA
and
Kyle S. Sclafani
Lakeisha Bruner
New Orleans, LA

Counsel for Defendants/Appellees,
Keli Meldean Dussor Burgess,
Individually and as Administratrix, and
Kadi Florence Dussor Carroll

BEFORE: WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

**WHIPPLE, C.J.**

This is an appeal on behalf of two minor children from the trial court's judgment in a succession proceeding sustaining the defendants' exception of no cause of action and dismissing with prejudice the minor children's claims seeking reduction of excessive *inter vivos* donations allegedly made by their father in the three years prior to his death that may have impinged on their legitime and seeking to have their forced portions of their father's succession mass awarded to them. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Kenneth Gregory Dussor died on September 3, 2020. On December 23, 2020, Keli Meldean Dussor Burgess filed a petition for probate of Mr. Dussor's statutory will and to be appointed independent executrix of the succession. In the petition, she alleged that Mr. Dussor had four children: (1) Keli Meldean Dussor Burgess, born April 19, 1983; (2) Kadi Florence Dussor Carroll, born July 9, 1985; (3) Sara Ann Dussor,[1] born February 23, 2004; and (4) Sadie Brianne Dussor, born July 28, 2005. The trial court ordered that the will be recorded, filed, and executed in accordance with its terms and further ordered that Keli be appointed as independent executrix.

Thereafter, on February 18, 2021, Renae Bernard Dussor,[2] as natural tutrix of her minor children Sara and Sadie, filed a Petition for Reduction of Excessive Donations, naming Keli and Kadi as defendants. In the petition, she averred that under the terms of Mr. Dussor's will, he had bequeathed all of his property with which he died possessed in equal portions to his four children, Keli, Kadi, Sara,

---

[1] We note that Sara's name was spelled both "Sara" and "Sarah" throughout the record. Because her name is first (although not consistently) spelled "Sara" in the Petition for Reduction of Excessive Donations filed on her behalf, we will refer to her as "Sara."

[2] While Ms. Dussor's maiden name is spelled both "Barnard" and "Bernard" in her Petition for Reduction of Excessive Donations, it is spelled "Bernard" in subsequent filings.

and Sadie, and that Sara and Sadie, as minor children and forced heirs of Mr. Dussor, were entitled to their legitimes as provided by law. According to the allegations of the petition, during the three-year period preceding his death, Mr. Dussor made certain *inter vivos* donations and/or other transactions for inadequate consideration to Keli and Kadi that impinged on the forced portion or the legitimes of Mr. Dussor's forced heirs, Sara and Sadie. Thus, Ms. Dussor, as natural tutrix of Sara and Sadie, sought to have Sara and Sadie recognized as Mr. Dussor's forced heirs and entitled to their legitimes of Mr. Dussor's estate, "which should not be calculated until such time as may be required by Petitioner to conduct discovery to determine if the alleged donations *inter vivos* and/or other transactions require a reduction in the [disposable] portion of [Mr. Dussor's] estate to protect the legitime of [Mr. Dussor's] forced[d] heirs." She further sought judgment, after due proceedings, reducing the disposable portion of Mr. Dussor's estate as required by law and awarding Sara and Sadie the forced portion of the estate. Ms. Dussor also filed discovery requests, seeking information from Keli, as independent executrix, regarding the assets of Mr. Dussor in the three years preceding his death, the transfer of any property in the three years prior to his death, and any life insurance policies issued to Mr. Dussor that were in effect at the time of his death.

In response to the discovery requests, Keli and Kadi filed a motion for extension of time to respond. Additionally, in response to the Petition for Reduction of Excessive Donations, Keli and Kadi filed a peremptory exception raising the objection of no cause of action, averring that in his will, which they alleged was incorporated by reference in the Petition for Reduction of Excessive Donations, Mr. Dussor had clearly expressed his intent to dispense with collation and deem any gifts made prior to his death an extra portion. Keli and Kadi further averred in support of their exception that there were no facts alleged in the Petition for Reduction of Excessive Donations to support a cause of action for collation or

3

reduction and that the allegation that "on information and belief" donations were made by Mr. Dussor that impinged on Sara and Sadie's legitimes was a legal conclusion, insufficient to survive an exception of no cause of action.

Following a hearing on the exception, the trial court, in oral reasons, stated that "calling for collation in a case where it was specifically stated, in the will, that … there's not to be collation, I don't see how I have any choice, other than to grant their Exception of No Cause, as it pertains to that." Accordingly, by judgment dated July 13, 2021, the trial court sustained Keli and Kadi's exception of no cause of action and dismissed with prejudice the Petition for Reduction of Excessive Donations filed by Ms. Dussor on behalf of Sara and Sadie.[3] In the judgment, the trial court further ordered that Keli and Kadi's motion for extension of time to respond to discovery was moot.

From this judgment, Ms. Dussor appeals, contending that the trial court committed legal error: (1) in sustaining the exception of no cause of action on the erroneous application of law relating to "real" or "actual" collation, rather than "fictitious" collation in the context of forced heirship, as mandated by law to determine the active mass of the decedent's estate, necessary to calculate the forced portion reserved to the forced heirs, and in rendering moot the issue of discovery relating thereto; and (2) in rendering moot Sara and Sadie's right to pretrial discovery, thereby denying them the right to conduct discovery related to alleged *inter vivos* donations made by Mr. Dussor to Keli and Kadi during the relevant period, required to calculate the forced portion of Mr. Dussor's estate, and

---

[3] To the extent that Ms. Dussor's first name is spelled "Renea" instead of "Renae" in the judgment on appeal, we note that the misspelling of a party's name in a judgment is an error of phraseology, which can be corrected by amendment pursuant to LSA-C.C.P. art. 1951. Cleartrac, LLC v. Lanrick Contractors, LLC, 2020-0175 (La. App. 1st Cir. 11/6/20), 2020 WL 6536929, *2 n.5 (unpublished). Moreover, as a reviewing court, we are vested with the authority to correct obvious errors in judgments of the trial court, which could have been corrected if brought to the attention of the court below. See Marsh Advantage America v. Orleans Parish School Board, 2008-0004 (La. App. 4th Cir. 10/08/08), 995 So. 2d 53, 59, writ denied, 2008-2635 (La. 1/16/09), 998 So. 2d 103; see also LSA-C.C.P. art. 2164.

4

discovery related to "the apparent arbitrary breach of the fiduciary duty" owed by the independent executrix to render a full and fair disclosure of all facts that materially affect rights and interests of Mr. Dussor's forced heirs.

**DISCUSSION**

The purpose of the peremptory exception raising the objection of no cause of action is to determine the sufficiency in law of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Calloway v. Lobrano, 2016-1170 (La. App. 1st Cir. 4/12/17), 218 So. 3d 644, 648; see LSA-C.C.P. art. 927. An exception of no cause of action is triable solely on the face of the petition and any annexed documents thereto. See LSA-C.C.P. art. 931. Dodson & Hooks, APLC v. Louisiana Community Development Capital Fund, Inc., 2019-1516, 2019-1517 (La. App. 1st Cir.12/30/20), 318 So. 3d 939, 945. The only evidence that may be considered on an exception of no cause of action is that annexed to the petition, unless the evidence is admitted without objection to enlarge the petition. Dodson & Hooks, APLC, 318 So. 3d at 945.

The burden of demonstrating that no cause of action has been stated rests with the exceptor. For purposes of the exception, the well-pleaded facts in the petition and the facts shown in any documents annexed thereto must be accepted as true. Dodson & Hooks, APLC, 318 So. 3d at 944; Gauthier v. Ard, 2018-0862 (La. App. 1st Cir. 7/23/19), 2019 WL 3311975, *2 (unpublished). Thus, the only issue at the trial of the exception is whether, on the face of the petition and annexed documents, the plaintiff is legally entitled to the relief sought. Calloway, 218 So. 3d at 648. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity to present evidence at trial. A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff

5

can prove no set of facts in support of any claim that would entitle him to relief. Calloway, 218 So. 3d at 648.

Moreover, when a petition states a cause of action as to any ground or portion of the demand, an exception raising the objection of no cause of action must be overruled. Thus, if the petition sets forth a cause of action, none of the other causes of action may be dismissed based on an exception pleading the objection of no cause of action. Further, any doubts are resolved in favor of the sufficiency of the petition. Calloway, 219 So. 3d at 649.

Because the exception raises a question of law, on review, the appellate court conducts a *de novo* review of the trial court's ruling sustaining an exception of no cause of action. Dodson & Hooks, APLC, 318 So. 3d at 945. The question on appeal is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. Gauthier, 2019 WL 3311975 at *3.

As set forth above, in her Petition for Reduction of Excessive Donations, Ms. Dussor alleged that Sara and Sadie, as minor children at the time of Mr. Dussor's death, were his forced heirs and sought to protect their legitimes. Specifically, she sought a determination of whether any alleged excessive donations made by Mr. Dussor to Keli and Kadi in the three years preceding his death impinged on Sara and Sadie's legitimes, thus requiring reduction of the disposable portion of Mr. Dussor's estate. Keli and Kadi had the burden of showing that on the face of the petition and any annexed documents, Ms. Dussor is not entitled to the relief sought and can prove no set of facts in support of any claim that would entitle her to relief. See Calloway, 218 So. 3d at 648.

In support of their exception, Keli and Kadi contended that: (1) in Mr. Dussor's will, which Ms. Dussor incorporated by reference in her Petition for Reduction of Excessive Donations, Mr. Dussor explicitly memorialized his intent

6

to dispense with collation and to deem any gifts made prior to his death an extra portion by stating, "I specifically dispense all of my forced heirs from collating any gift received from me whether inter vivos or by reason of my death, and any such gift shall be deemed an extra portion"[4]; and (2) the allegation in Ms. Dussor's petition that "on information and belief" donations were made by Mr. Dussor that impinged on the minor heirs' legitimes is a legal conclusion, which she failed to support with alleged facts.

Initially, we note that despite Keli and Kadi's assertion that because Ms. Dussor "reference[d]" Mr. Dussor's will in her petition, the will was incorporated in the petition and could be considered on trial of the exception, Ms. Dussor did not annex or attach the will to her petition. Thus, it formed no part of her pleadings. As such, it could only be considered if admitted by stipulation or without objection. See Woodland Ridge Association v. Cangelosi, 94-2604 (La. App. 1st Cir. 10/6/95), 671 So. 2d 508, 510-511; Marceaux v. Bouillion, 464 So. 2d 773, 773-774 (La. App. 1st Cir. 1985). Moreover, Ms. Dussor's mere reference to Mr. Dussor's will in her petition did not sanction its introduction into evidence at the hearing on the exception, and there is nothing in the record to indicate that the will was in fact admitted into evidence. See Woodland Ridge Association, 671 So. 2d at 511; Marceaux, 464 So. 2d at 773-774. Accordingly, we conclude that the trial court erred in considering Mr. Dussor's will in ruling on Keli and Kadi's exception of no cause of action. On review, we may consider only the allegations in Ms. Dussor's petition, which we must accept as true, in determining the sufficiency of the pleading.

While Ms. Dussor did allege in her Petition for Reduction of Excessive Donations that under the terms of Mr. Dussor's will, he bequeathed all of the

_____

[4]We observe that while Keli and Kadi contend that in his will, Mr. Dussor dispensed with the requirement that his "**forced heirs**" collate any gift received from him, they do not contend

7

property of which he died possessed in equal portions to his four children, Keli, Kadi, Sara, and Sadie, she made no allegation therein of any provision in the will dispensing with collation. Moreover, as explained by the Louisiana Supreme Court in Succession of Doll v. Doll, 593 So. 2d 1239, 1251 (La. 1992), a distinction must be drawn between **fictitious collation** ordered by LSA-C.C. art. 1505 and the right to demand **actual or real collation**.

Forced heirs have a right to receive a certain percentage of the decedent's estate pursuant to LSA-C.C. arts. 1493, *et seq.* Cleaver v. Western National Life Insurance Company, 2014-0972 (La. App. 1st Cir. 7/28/15), 180 So. 3d 406, 411, writ denied, 2015-1619 (La. 10/30/15), 179 So. 3d 617. The portion of a decedent's property reserved for forced heirs is called the forced portion, and the remainder is called the disposable portion. LSA-C.C. art. 1495. Forced heirs are descendants of the first degree who, at the time of the death of the decedent, are twenty-three years of age or younger or descendants of the first degree of any age who at the time of the decedent's death are permanently incapable of caring for themselves or administering their estates due to mental incapacity or physical infirmity. LSA-C.C. art. 1493(A). A forced heir may not be deprived of the portion of the decedent's estate reserved to him by law, called the legitime, unless the decedent has just cause to disinherit him. LSA-C.C. art. 1494.

In order to determine the forced portion and the disposable portion of the decedent's estate, the mass of the succession must be calculated pursuant to LSA-C.C. art. 1505, a process referred to as "**fictitious collation**." Succession of Doll, 593 So. 2d at 1251 (emphasis added); Cleaver, 180 So. 3d at 411. Pursuant to LSA-C.C. art. 1505(A), an aggregate is formed of all property belonging to the decedent at the time of his death from which any debts owed by the estate are

---

that they are forced heirs either by virtue of their age or any other basis. See LSA-C.C. art. 1493(A).

subtracted, and to that aggregate, property disposed of by donation *inter vivos* within three years of the decedent's death (according to its value at the time of donation) is fictitiously added. Thus, fictitious collation is a simple paper return as the method to calculate the forced and disposable portions. Succession of Doll, 593 So. 2d at 1251.

Once the active mass of the succession is so determined and the disposable portion calculated (taking into consideration the number of forced heirs), donations *mortis causa* may be reduced to satisfy the forced heirs' legitimes. LSA-C.C. art. 1507. Moreover, if the succession assets are not sufficient to satisfy the legitime, the forced heirs may then bring an action for **reduction** against donees of any *inter vivos* donations made within three years of the decedent's death. LSA-C.C. art. 1508; Cleaver, 180 So. 3d at 411-412. Fictitious collation's remedy of **reduction**, which is predicated on the impingement of the legitime, may be demanded by forced heirs against any recipient of an excessive donation made within the three-year look-back period. See LSA-C.C. art. 1508 & Succession of Doll, 593 So. 2d at 1251.

**Actual collation**, on the other hand, depends upon the existence of inequality in the disposition of the ancestor's estate and may be demanded by, and from, descendants coming to the succession. Whereas the test for reduction is the ultimate value of the estate, the crucial consideration in actual collation is the benefit or advantage to the heir, regardless of the depletion of the estate. Succession of Doll, 593 So. 2d at 1251. The starting point for any analysis of actual collation is LSA-C.C. art. 1227. Cleaver, 180 So. 3d at 412. Louisiana Civil Code article 1227 defines "collation," i.e., "actual collation," as "the supposed or real return to the mass of the succession which an heir makes of property which he received in advance of his share or otherwise, in order that such property may be divided together with the other effects of the succession."

Collation is founded on the equality which must be naturally observed between children, who divide among them the succession of their father, and on the presumption that what was given or bequeathed to children by their ascendants was so disposed of in advance of what they might one day expect from their succession. LSA-C.C. art. 1229. The right to demand actual collation is confined to descendants of the first degree who qualify as forced heirs and only applies with regard to gifts made within the three years prior to the decedent's death. LSA-C.C. art. 1235.

Collation is always presumed where it has not been expressly forbidden, LSA-C.C. art. 1230, *except* where the donations and legacies "have been made to them expressly as an advantage over their coheirs and besides their portion." LSA-C.C. art. 1228. Thus, the donor may expressly dispense with collation. Nonetheless, the right of the donor to dispense with collation is limited by LSA-C.C. art. 1231, which provides that things given to children "shall not be collated, if the donor has formally expressed his will that what he thus gave was an advantage or extra part, **unless the value of the object given exceed the disposable portion, in which case the excess is subject to collation.**" LSA-C.C. art. 1231 (emphasis added).

Thus, LSA-C.C. art. 1231 makes it clear that even where there is a formal dispensation of collation, the dispensation of collation cannot result in an impingement on the forced portion or legitimes of the donor's forced heirs. Rather, as set forth in LSA-C.C. art. 1234, "[i]f, upon calculation of the value of advantages thus given, and of the other effects remaining in the succession, such remaining part should prove insufficient to give to the other children their legitimate portion [i.e., their legitimes], the donee would then be obliged to collate the sum by him received, as far as necessary to complete such portion ... ."

Turning to the case at hand, based on our examination of Ms. Dussor's petition, it is apparent that, in part, she is seeking a determination of the active mass of Mr. Dussor's succession, to which she seeks to have any donations *inter vivos* made by Mr. Dussor to Keli and Kadi in the three years preceding his death "fictitiously collated," pursuant to LSA-C.C. art. 1505(A), so that the forced and disposable portions of Mr. Dussor's estate may be calculated, as necessary to further determine if there has been an impingement on the legitimes of Sara and Sadie. Accordingly, insofar as Ms. Dussor's petition demands **fictitious collation** as required by LSA-C.C. art. 1505(A) to determine the active mass of Mr. Dussor's succession and, thus, the forced portion to which Sara and Sadie are entitled by law, the trial court erred in sustaining Keli and Kadi's exception of no cause of action and dismissing Ms. Dussor's claims on behalf of Sara and Sadie with prejudice.[5] See generally Cleaver, 180 So. 3d at 411-413.

Having found that the trial court erred in sustaining Keli and Kadi's exception of no cause of action and dismissing Ms. Dussor's claims with prejudice, we likewise conclude that the trial court erred in further ruling that Keli and Kadi's motion for extension of time to respond to Ms. Dussor's discovery requests was

---

[5] To the extent that Ms. Dussor further asserts, on behalf of her minor children Sara and Sadie, a claim for **reduction** pursuant to LSA-C.C. art. 1508 in the event that any such *inter vivos* donations may impinge on Sara and Sadie's legitimes, we agree with Keli and Kadie's contention in support of their exception of no cause of action that Ms. Dussor did not allege any particular facts in support of that claim at this stage of the proceedings. However, as set forth above, when a petition states a cause of action as to any ground or portion of the demand, an exception raising the objection of no cause of action must be overruled and none of the other causes of action may be dismissed based on an exception pleading the objection of no cause of action. Calloway, 218 So. 3d at 649.

11

moot. Accordingly, that portion of the trial court's judgment is also reversed.[6]

## CONCLUSION

For the above and foregoing reasons, the trial court's July 13, 2021 judgment, sustaining the exception of no cause of action filed by Keli Meldean Dussor Burgess and Kadi Florence Dussor Carroll and dismissing with prejudice the claims of Renae Bernard Dussor (incorrectly spelled "Renea Bernard Dussor" in the judgment), as natural tutrix of Sara Ann Dussor and Sadie Brianne Dussor, and further ordering that the Motion for Extension of Time to Respond to Discovery and Incorporated Memorandum in Support is moot, is reversed in its entirety. This matter is remanded for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed equally against Keli Meldean Dussor Burgess and Kadi Florence Dussor Carroll.

**REVERSED AND REMANDED.**

---

[6]While Ms. Dussor alleges in support of her second assignment of error on appeal that Keli breached her duties as independent executrix of the Succession of Mr. Dussor in the calculation of the active mass of the succession, we note that Ms. Dussor's petition does not set forth any allegation or cause of action regarding breach of duties of the executrix, nor did she present this issue to the trial court, in opposition to the exception or at the hearing on the exception, as a basis for her inability to ascertain facts to support her allegations of excessive *inter vivos* donations.

As a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal. KJMonte Investments, LLC v. Acadian Properties Austin, LLC, 2020-0204 (La. App. 1st Cir. 12/30/20), 319 So. 3d 354, 361; see also Uniform Rules, Courts of Appeal, Rule 1-3. Moreover, as set forth above, the only issue at the trial of the exception is whether, on the face of the petition and annexed documents, the plaintiff is legally entitled to the relief sought. Calloway, 218 So. 3d at 648. Accordingly, because Ms. Dussor did not set forth any allegations of breach of duties by the executrix in her petition or in opposition to the exception of no cause of action in the trial court below, the issue of whether she has stated a cause of action for breach of fiduciary duties by Keli as independent executrix is not before us.