NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2024 CA 0315

DHAVAL ADHVARYU

VERSUS

JENNIFER BEZET ADHVARYU

*Judgment Rendered:*　OCT 0 3 2024

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C724100

The Honorable Tiffany Foxworth-Roberts, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Marcus T. Foote<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellant<br>Dhaval Adhvaryu |
| Brian J. Prendergast<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Jennifer Bezet Adhvaryu |

* * * * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**THERIOT, J.**

This appeal arises from a judgment dismissing a petition asserting reimbursement claims following partition of co-owned property for failure to state a cause of action. For the reasons set forth herein, we reverse.

## FACTS AND PROCEDURAL HISTORY

In 2016, Dhaval Adhvaryu and Jennifer Bezet, an unmarried couple, jointly purchased a home located on North Oak Hills Parkway in Baton Rouge, Louisiana. On August 22, 2019, Dhaval and Jennifer executed an agreement entitled "Pre-Nuptial Marriage Contract Acknowledging Joint Stipulations In The Event Of Divorce," which contained, among various other provisions, provisions relating to the North Oak Hills Parkway home that would apply in the event the parties married and later divorced.[1] Dhaval and Jennifer were later married on August 27, 2019, and divorced by judgment dated March 2, 2022.

On September 30, 2022, Dhaval filed a petition in the Nineteenth Judicial District Court, seeking reimbursement from Jennifer for his payment of the following expenses for the North Oak Hills Parkway home from the time of the purchase in 2016 until the parties' marriage in 2019: the mortgage promissory note and interest; all expenses and utilities, including taxes and insurance; all construction and repair costs; and all maintenance and repair expenses.[2] Dhaval's petition alleged:

> The parties have already resolved the mode and method of partition of this co-owned property and have already done so. Therefore, pursuant to Civil Code article 809, there is no need for a judicial partition.

---

[1] Regarding the North Oak Hills Parkway home, the August 22, 2019 pre-nuptial agreement provided that, in the event of a divorce:

> Dhaval shall pay to Jennifer, her one-half interest in the co-owned [marital] home within twelve months of Jennifer's departure from said home. The "pay out" amount shall be calculated as one-half of the equity vested in the home at the time of separation, as determined by a MAI certified appraisal performed within sixty days of Jennifer's departure.

[2] Dhaval's petition alleges that he initially filed his petition for reimbursement in the East Baton Rouge Parish Family Court, but that petition was dismissed for lack of jurisdiction, since it involved a claim for reimbursement between non-married co-owners.

Although the parties had signed a matrimonial agreement, the agreement does not modify or preclude the application of reimbursement claims prior to the buyout of co-owned property. It only set forth a timeframe and requirement that the appraisal be done by a person of particular certification due to the value of the house. It does not waive any rights per Louisiana law that he may have, especially those described in [*Sampognaro v. Sampognaro*, 41,664 (La.App. 2 Cir. 2/14/07), 952 So.2d 775.]. This was seemingly confirmed by Judge Hunter Greene when he ruled that The Family Court did not have jurisdiction. If the reimbursements were governed by the matrimonial agreement, then one of the jurisdictional provisions of La. R.S. 13:1401 would have applied.

Jennifer denied the allegation that Dhaval is entitled to reimbursement under the principles of co-ownership and alleged that the pre-nuptial agreement is evidence of their "joint intent to ignore all default rules pertaining to co-owned property and to stipulate a jointly agreed upon method of determining [Jennifer's] payout amount with regards to the home, which method does not include any reimbursements or credits allowed to [Dhaval]." Jennifer also filed a reconventional demand, in which she made her own claims of reimbursement for the use of her separate funds for payment of expenses for the co-owned house, as well as offset and reduction.

Jennifer filed a peremptory exception raising the objection of no cause of action, in which she asserted that the provisions of the pre-nuptial agreement evidence an intent to preclude the sort of claims made in Dhaval's petition, and further, that any such claims should be reduced for Dhaval's enjoyment of the co-owned home.

The matter was set for a trial on the merits on October 4, 2023. On that date, the trial court conducted a hearing on Jennifer's peremptory exception of no cause of action prior to the commencement of the trial. During the hearing on the exception, counsel for Jennifer filed the pre-nuptial agreement into evidence, and counsel for Dhaval filed the transcript from the Family Court proceeding into

evidence. At the conclusion of the hearing, the trial court made various findings about the validity of the pre-nuptial agreement and the intent of the parties thereto, and taking into consideration these findings, the language of the agreement, certain facts not set forth in the petition, and "contractual law," the trial court sustained the exception of no cause of action. The trial court signed a judgment on October 20, 2023, granting the exception of no cause of action and dismissing Dhaval's petition. This devolutive appeal followed, in which Dhaval argues that the trial court committed legal error in sustaining the exception of no cause of action and dismissing his petition for reimbursement.

## DISCUSSION

A trial court's ruling on an exception of no cause of action is subject to *de novo* review, since the exception raises a question of law. *Foster v. Bias*, 2022-0329, p. 16 (La.App. 1 Cir. 12/22/22), 358 So.3d 520, 535, *writ denied*, 2023-00090 (La. 3/28/23), 358 So.3d 503.

The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. *Calloway v. Lobrano*, 2016-1170, p. 4 (La.App. 1 Cir. 4/12/17), 218 So.3d 644, 648. The purpose of the exception of no cause of action is not to determine whether the plaintiff will ultimately prevail at trial, but only to ascertain if a cause of action exists. *Honeybee Holdings, LLC v. St. Tammany Parish Zoning Commission*, 2023-1051, p. 6 (La.App. 1 Cir. 5/31/24), --- So.3d ---, ---. For purposes of the exception, the well-pleaded facts in the petition and any documents annexed to the petition must be accepted as true. *Foster*, 2022-0329 at p. 16, 358 So.3d at 535. The burden of demonstrating that no cause of action has been stated is on the party raising the objection. *Id.*

In ruling on an exception of no cause of action, the trial court must determine whether the law affords any relief to the claimant if he were to prove the

factual allegations in the petition at a trial. *Id.* The exception is triable solely on the face of the petition. See La. C.C.P. art. 931; *Foster*, 2022-0329 at p. 16, 358 So.3d at 535. The only documentary evidence that may be considered on an exception of no cause of action is that annexed to the petition, unless the evidence is admitted without objection to enlarge the petition. *Calloway*, 2016-1170 at pp. 4-5, 218 So.3d at 648; *City Nat. Bank of Baton Rouge v. Brown*, 599 So.2d 787, 789 (La.App. 1 Cir.), *writ denied*, 604 So.2d 999 (La. 1992) (While the general rule is that no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action, there is a well-established exception to this rule that evidence may be properly considered by the court in ruling on an exception of no cause of action where evidence is admitted without objection. In those instances, the pleadings are considered to have been enlarged.).

In reading a petition to determine whether a cause of action has been stated, it must be interpreted, if possible, to maintain the cause of action instead of dismissing the petition. *Foster*, 2022-0329 at p. 17, 358 So.3d at 535. Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding that a cause of action has been stated. *Id.* The petition must set forth material facts upon which the cause of action is based. La. C.C.P. art. 891(A); *Foster*, 2022-0329 at p. 17, 358 So.3d at 535. The correctness of conclusions of law is not conceded for the purposes of a ruling on an exception of no cause of action. *CamSoft Data Systems, Inc. v. Southern Electronics Supply, Inc.*, 2015-1260, p. 12 (La.App. 1 Cir. 9/23/15), 182 So.3d 1009, 1016.

Dhaval's petition asserted claims for reimbursement between co-owners. A co-owner who on account of the thing held in indivision has incurred necessary expenses, expenses for ordinary maintenance and repairs, or necessary management expenses paid to a third person, is entitled to reimbursement from the other co-owners in proportion to their shares, subject to reduction for his

5

enjoyment of the co-owned property. La. C.C. art. 806. Further, a co-owner who makes substantial alterations or substantial improvements to co-owned property with the consent of the other co-owner is owed reimbursement for the improvement. See La. C.C. art. 804; see also *Succession of Hyde*, 54,619, p. 14 (La.App. 2 Cir. 8/10/22), 345 So.3d 1162, 1170.

Dhaval's petition asserts that the parties' pre-nuptial agreement set forth the mode and method of partition of the co-owned property, but "does not modify or preclude the application of reimbursement claims prior to the buyout of the co-owned property. . . . [And it] does not waive any rights per Louisiana law that [Dhaval] may have." In sustaining the exception and dismissing Dhaval's petition for failure to state a cause of action, the trial court reviewed evidence[3] and made a number of factual findings concerning the validity of the pre-nuptial agreement and the intent of the parties in executing the agreement as to its effect on reimbursement claims, exceeding the limited scope of the trial court on an exception of no cause of action.

Although Dhaval may not ultimately succeed in proving his claims for reimbursement on the merits, the following well-pleaded facts of his petition, which for the sake of the exception must be accepted as true, state a cause of action for reimbursement between co-owners: the parties are equal co-owners in indivision of the North Oak Hills Parkway home, which was purchased prior to their marriage; prior to their marriage, Dhaval paid multiple expenses and costs for the co-owned property, including agreed-upon "substantial construction repairs, gate access, kitchen upgrades[,] floor work, etc.," necessary expenses for the upkeep of the home, including taxes and insurance, and the mortgage note on the home, including principal and interest; and the parties' pre-nuptial agreement, which set forth a timeline and appraisal requirements for a buyout of Jennifer's

---

[3] The exhibits filed into evidence at the hearing on the exception of no cause of action were introduced without objection, enlarging the pleadings. See *City Nat. Bank of Baton Rouge*, 599 So.2d at 789.

interest in the home, did not explicitly modify or preclude the application of reimbursement claims prior to the buyout of the co-owned property. Accordingly, the trial court erred in sustaining the peremptory exception of no cause of action and dismissing Dhaval's petition for reimbursement.

## DECREE

For the reasons set forth herein, the October 20, 2023 trial court judgment sustaining Jennifer Bezet's peremptory exception and dismissing Dhaval Adhvaryu's petition is reversed. Costs of this appeal are assessed to Jennifer Bezet.

**REVERSED.**